# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

9:35

**Stephen R. Ludwig, Clerk**                                    www.innd.uscourts.gov

June 28, 2006

06-1172

Clerk, U.S. District Court
309 U.S. Courthouse
100 N.E. Monroe Street
Peoria, IL 61602

**FILED**

**JUN 3 0 2006**

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Re:   Heston v. Guardsmark, Inc.
      Cause No. 2:05cv400

Dear Clerk:

Pursuant to court order dated June 27, 2006, the above file is being transferred to the United States District Court for Central District of Illinois, Peoria Division.

Enclosed are certified copies of the Order of Transfer and this Court's docket sheet. The case record is an electronic file.

    View at PACER: INND.USCOURTS.GOV

Please acknowledge receipt of these materials on the enclosed copy of this letter, which we request you return to this office.

Sincerely,

STEPHEN R. LUDWIG, CLERK

By:   /s/ RMNagy
      Deputy Clerk

Date Rec'd: _____   Case No. Assigned: _____

---

Reply to Office

1108 E. Ross Adair Federal Bldg. • 1300 S. Harrison Street • Fort Wayne, Indiana 46802 • (260) 423-3000 • Fax (260) 423-3007
5400 Federal Plaza • Suite 2300 • Hammond, Indiana 46320 • (219) 852-6500 • Fax (219) 852-6509
102 Robert A. Grant Federal Bldg. • 204 South Main Street • South Bend, Indiana 46601 • (574) 246-8000 • Fax (574) 246-8002
214 Charles Halleck Federal Bldg. • 230 North Fourth Street • P.O. Box 1498 • Lafayette, Indiana 47902 • (765) 420-6250 • Fax (765) 420-6273

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
I hereby certify that the foregoing is a true copy of the original on file in this court and cause.
STEPHEN R. LUDWIG, CLERK
By: [signature]
DEPUTY CLERK
Date: 06-28-2006

| | |
|---|---|
| SANDRA TREVINO HESTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:05 CV 400 |
| | ) |
| GUARDSMARK, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter is before the court on defendant's motion to dismiss this action pursuant to FED. R. CIV. P. 12(b)(3) for improper venue, (*Def.'s Mot. Dis.*, docket #13-1; *Def.'s Memo.*, docket #13-2) and plaintiff's response in opposition (*Pl.'s Resp.*, docket # 23; *Pl.'s Memo.*, docket # 24) and plaintiff's motion to transfer (*Pl.'s Mot. to Trans.*, docket # 25).[1] For the following reasons, defendant's motion to dismiss is **DENIED** and plaintiff's motion to transfer is **GRANTED**.

Plaintiff brings a claim of "retaliatory discharge" pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) ("Title VII"). Title VII has its own venue provision, section 5(f)(3), which provides that venue is proper:

> [1] in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the

---

[1] Although plaintiff's transfer request is docketed separately from plaintiff's response in opposition as "Alternative Motion to Transfer Case" at docket #25, it was actually made in conjunction with her response in opposition to defendant's motion to dismiss, and therefore is located in substance at docket # 23 and docket # 24.

>employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice.

42 U.S.C. § 2000e-5(f)(3). Courts have construed section 5(f)(3) as the *exclusive* venue provision for all Title VII discrimination actions. *See Bolar v. Frank*, 938 F.2d 377, 379 (2nd Cir. 1991); *Johnson v. Payless Drug Stores N.W., Inc.*, 950 F.2d 586, 587-588 (9th Cir. 1991), *cert. denied*, 505 U.S. 1225 (1991).

Defendant contends that none of the factors listed in the venue provision of Title VII are present and therefore venue in the Northern District of Indiana is not proper. Specifically, defendant points out that (1) the alleged unlawful employment practice took place in the Central District of Illinois (Peoria, Illinois), (2) but for the alleged unlawful employment practice, plaintiff would have worked in the Northern District of Illinois (Joliet, Illinois), (3) the relevant employment records are/were maintained and administered in the Central District of Illinois (Peoria, Illinois), and (4) defendant's principal office is located in the Southern District of New York. (*Def.'s Memo.* at 4, docket # 13-2). Plaintiff does not dispute that venue is improper, but rather asserts that when plaintiff filed her complaint, "(1) Plaintiff resided in Indiana, (2) Defendant had an office in Indiana, and (3) Defendant had sufficient minimum contacts with the State of Indiana to support venue in the State of Indiana." (*Pl.'s Memo.* at 2, docket #24). Plaintiff argues further that "Defendant's motion to dismiss is the first time it was revealed that the decision to terminate the Plaintiff was made in Peoria, Illinois and that the Plaintiff's records were maintained in Peoria." (*Pl.'s Memo.* at 2, docket # 24).

2

Plaintiff acknowledges that her claims "could, *theoretically*, be dismissed," (*Pl.'s Memo.* at 2, docket #24) (emphasis in original); but argues that because she would not be able to timely file her complaint in the proper venue, her case should instead be transferred to the Central District of Illinois, Peoria Division. (*Pl.'s Memo.* at 2-4, docket # 24). Defendant does not contest this request.

None of the factors listed in the venue provision of Title VII are present here, and as such venue does not properly lay with this court. Pursuant to 28 U.S.C. § 1406(a), the court may therefore either dismiss this case or, if it is "in the interest of justice," transfer the case "to any district or division in which [the case] could have been brought." 28 U.S.C. § 1406(a). The court notes that plaintiff's claims are subject to Title VII restrictions, which require that an action be brought within 90 days of receipt of the EEOC's right-to-sue letter. 42 U.S.C. § 20003-5(f)(1). This 90 day limit, moreover, is not tolled by the timely filing of the present complaint. *See Minette v. Time Warner*, 997 F.2d 1023, 1027 (2nd Cir. 1993). As plaintiff's right-to-sue letter was issued on August 10, 2005 (*Pl.'s Exh. A*, docket #1; *Compl.* ¶ 8), the limitations period is long expired. Thus, if the court were to *dismiss* this action, plaintiff will be time-barred from bringing her Title VII claims. The court finds therefore, that the interests of justice are best served by transfer of plaintiff's Title VII claims rather than dismissal. Accordingly, the court now transfers this case as follows.

This Title VII action could have properly been brought in the Central District of Illinois, Peoria Division, because the alleged unlawful employment practice took place

3

in that district and the relevant employment records are/were maintained and administered in that district as well. 42 U.S.C. § 2000(e)-5(f)(3). The court therefore **ORDERS** that the case be **TRANSFERRED** to the United States District Court for the Central District of Illinois, Peoria Division. Defendant's motion to dismiss (docket # 13) is hereby **DENIED** and plaintiff's motion to transfer (docket # 25) is **GRANTED**.

**SO ORDERED.**

**ENTER**: June 27, 2006

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

CASREF, TERMED, TRANSF

# U.S. District Court Northern District of Indiana [LIVE]
# NORTHERN DISTRICT OF INDIANA (Hammond)
# CIVIL DOCKET FOR CASE #: 2:05-cv-00400-JTM-PRC
# Internal Use Only

Heston v. Guardsmark Inc
Assigned to: Senior Judge James T Moody
Referred to: Magistrate Judge Paul R Cherry
Cause: 42:2000e Job Discrimination (Employment)

Date Filed: 11/03/2005
Jury Demand: None
Nature of Suit: 442 Civil Rights: Jobs
Jurisdiction: Federal Question

**Plaintiff**

**Sandra Trevino Heston**     represented by **Robert A Plantz**
Herbert S Lasser & Associates PC
3700 E US 30 Suite 4
Merrillville, IN 46410
219-942-3710
Fax: 219-942-0064
Email: robertplantz@yahoo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Guardsmark Inc**     represented by **David W Gray**
Lewis & Kappes PC
2500 One American Square
Indianapolis, IN 46282-0003
317-639-1210
Fax: 317-639-4882
Email: dgray@lewis-kappes.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
I hereby certify that the foregoing is a true copy of the original on file in this court and cause.
STEPHEN R. LUDWIG, CLERK
by: [signature]
DEPUTY CLERK
Date: 06-28-2006

**Edward R Young PHV**
Baker Donelson Bearman
Caldwell & Berkowitz PC
165 Madison Avenue Suite 2000
Memphis, TN 38103
901-577-2341
Fax: 901-577-0879
Email:
eyoung@bakerdonelson.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas R Ruge**
Lewis & Kappes PC
2500 One American Square
Indianapolis, IN 46282-0003
317-639-1210
Fax: 317-639-4882
Email: TRuge@lewis-kappes.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William P Dougherty PHV**
Baker Donelson Bearman
Caldwell & Berkowitz PC
165 Madison Avenue Suite 2000
Memphis, TN 38103
901-577-2340
Fax: 901-577-0789
Email:
wpdougherty@bakerdonelson.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/03/2005 | 1 | COMPLAINT against Guardsmark Inc (Filing fee $ |

| | | |
|---|---|---|
| | | 250.) Receipt #2205989, filed by Sandra Trevino Heston. (Attachments: # 1 Civil Cover Sheet)(efc, ) (Entered: 11/09/2005) |
| 11/03/2005 | 2 | NOTICE of Appearance by Robert A Plantz on behalf of Sandra Trevino Heston (efc, ) (Entered: 11/09/2005) |
| 01/24/2006 | 3 | NOTICE of Hearing: Telephonic Status Conference set for 2/16/2006 10:00 AM before Magistrate Judge Paul R Cherry for inquiry on service of process. The Court will initiate the conference.(smb) (Entered: 01/24/2006) |
| 02/16/2006 | 4 | STATUS CONFERENCE held on 2/16/2006 before Judge Paul R Cherry. Plaintiff appeared by attorney R Plantz. Plaintiff will follow up on service of process and file proof of service when service is perfected. (#Digitally Recorded.) (smb) (Entered: 02/16/2006) |
| 02/23/2006 | 5 | Summons Issued as to Guardsmark Inc. (efc, ) (Entered: 02/27/2006) |
| 02/23/2006 | 6 | Alias Summons Issued as to Guardsmark, LLC f/k/a Guardsmark Inc. (efc, ) (Entered: 02/27/2006) |
| 03/21/2006 | 7 | NOTICE of Appearance by Thomas R Ruge on behalf of Guardsmark Inc (Ruge, Thomas) (Entered: 03/21/2006) |
| 03/21/2006 | 8 | NOTICE by Guardsmark Inc *of Agreement of Initial Enlargement of Time* (Ruge, Thomas) (Entered: 03/21/2006) |
| 04/06/2006 | 11 | APPLICATION for Attorney William P Dougherty to Appear Pro Hac Vice on behalf of Guardsmark LLC; Receipt #2206951. (rmn) (Entered: 04/07/2006) |
| 04/07/2006 | 9 | NOTICE of Hearing: Telephonic Rule 16 Preliminary Pretrial Conference set for 5/11/2006 09:45 AM before Magistrate Judge Paul R Cherry w/the Court initiating the conference. Proposed discovery plan in accordance with FRCP 26(f) due on or before |

| | | |
|---|---|---|
| | | 5/5/06.(smb) (Entered: 04/07/2006) |
| 04/07/2006 | 10 | MAGISTRATE CONSENT FORMS sent to all parties (Standard Track). (smb) (Entered: 04/07/2006) |
| 04/11/2006 | 12 | ORDER granting [11] Application to Appear Pro Hac Vice of Attorney William P Dougherty PHV for Guardsmark Inc. Signed by Judge Paul R Cherry on 04/11/2006. (rmn) (Entered: 04/11/2006) |
| 04/19/2006 | 13 | MOTION to Dismiss *THIS ACTION FOR IMPROPER VENUE* by Guardsmark Inc. (Attachments: # 1 MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE# 2 DECLARATION OF MICHAEL W. JANKOVSKY# (3) ORDER ON MOTION TO DISMISS FOR IMPROPER VENUE-PDF Deleted, atty to submit to chambers)(Ruge, Thomas) Modified on 4/20/2006 (kjp, ). (Entered: 04/19/2006) |
| 04/21/2006 | 14 | APPLICATION for Attorney Edward R Young to Appear Pro Hac Vice on behalf of Guardsmark LLC; Receipt #2207065. (rmn) (Entered: 04/21/2006) |
| 04/24/2006 | 17 | ORDER granting [14] Application to Appear Pro Hac Vice of Attorney Edward R Young PHV for Guardsmark Inc . Signed by Judge Andrew P Rodovich on 4/24/2006. (rmn) (Entered: 04/25/2006) |
| 04/25/2006 | 15 | NOTICE of Appearance by David W Gray on behalf of Guardsmark Inc (Gray, David) (Entered: 04/25/2006) |
| 04/25/2006 | 16 | APPLICATION for Attorney Edward R Young to Appear Pro Hac Vice on behalf of Guardsmark LLC ; Receipt #2207065. (rmn) Modified on 4/25/2006 THIS IS A DUPLICATE OF DOCKET ENTRY [14] (rmn). (Entered: 04/25/2006) |
| 05/03/2006 | 18 | CORPORATE DISCLOSURE STATEMENT by Guardsmark Inc. (Gray, David) (Entered: 05/03/2006) |

| 05/04/2006 | 19 | REPORT of Rule 26(f) Planning Meeting. (Gray, David) (Entered: 05/04/2006) |
|---|---|---|
| 05/05/2006 | 20 | MOTION for Extension of Time to File Response/Reply by Sandra Trevino Heston. (Plantz, Robert) (Entered: 05/05/2006) |
| 05/08/2006 | 21 | ORDER granting 20 Motion for Extension of Time to File Response to defendant's motion for dismiss. Response to be filed by 5/15/2006. Signed by Judge Paul R Cherry on 5/8/2006. (rmn) (Entered: 05/08/2006) |
| 05/10/2006 | 22 | NOTICE/RESET Hearing: Telephonic Rule 16 Preliminary Pretrial Conference RESET for 6/22/2006 09:15 AM before Magistrate Judge Paul R Cherry pending ruling on defendant's motion to dismiss 13. The Court will initiate the conference. Any change in teleph number may be reported to the Courtroom Deputy Clerk sue_brown@innd.uscourts.gov no earlier than 48 hrs in advance of the conference.(smb) (Entered: 05/10/2006) |
| 05/15/2006 | 23 | RESPONSE in Opposition re 13 MOTION to Dismiss *THIS ACTION FOR IMPROPER VENUE and Plaintiff's Motion to Transfer* filed by Sandra Trevino Heston. (Plantz, Robert) (Entered: 05/15/2006) |
| 05/15/2006 | 24 | MEMORANDUM in Opposition to 13 MOTION to Dismiss *THIS ACTION FOR IMPROPER VENUE and IN SUPPORT OF PLAINTIFF'S MOTION TO TRANSFER* filed by Sandra Trevino Heston. (Plantz, Robert) (Entered: 05/15/2006) |
| 05/15/2006 | 25 | ALTERNATIVE MOTION to Transfer Case by Sandra Trevino Heston. Filed as an alternative MOTION in conjunction with Plaintiff's Response in Opposition re 13 Motion to Dismiss. SEE DE#23 FOR PDF.(kjp) Modified on 5/23/2006 (smb). (Entered: 05/17/2006) |

| | | |
|---|---|---|
| 06/21/2006 | 26 | NOTICE RESET Hearing: Telephonic Rule 16 Preliminary Pretrial Conference RESET for 8/3/2006 09:15 AM before Magistrate Judge Paul R Cherry pending ruling on pending motions by the District Court. The Court will initiate the conference.(smb) (Entered: 06/21/2006) |
| 06/27/2006 | 27 | ORDER GRANTING [25] plaintiff's motion to tranfer and transferring case to the Central District of Illinois, Peoria Division. Defendant's motion to dismiss 13 is DENIED. Signed by Judge James T Moody on 6/27/2006. (rmn) (Entered: 06/28/2006) |
| 06/28/2006 | 28 | Letter from INND USDC to USDC Central District of Illinois, Peoria Division transferring case. (Certified copies of Order of Transfer 27 and docket sheet) (rmn) (Entered: 06/28/2006) |