E-FILED
Friday, 07 July, 2006 01:09:22 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SANDRA TREVINO HESTON, | ) | |
| Plaintiff, | ) | Case No. 06-1172 |
| v. | ) | |
| GUARDSMARK, INC. | ) | |
| Defendant. | ) | |

FILED
JUL 0 7 2006
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

## ANSWER

For its Answer to the Complaint, Guardsmark, LLC, states:

1. Upon belief, the allegations of paragraph 1 of the Complaint are admitted.

2. The allegations of paragraph 2 of the Complaint are admitted, except that Defendant states that its correct legal name is Guardsmark, LLC.

3. For a lack of information sufficient to form a belief regarding the truthfulness of the allegations of paragraph 3 of the Complaint, those allegations are denied.

4. Defendant incorporates the preceding paragraphs of this Answer as if each were restated verbatim.

5. It is admitted that this District Court has jurisdiction over the causes of action pleaded within the Complaint.

6. The allegations of paragraph 6 of the Complaint are denied. Venue is not proper in this court pursuant to 28 U.S.C. §1391.

7. Upon belief, the allegations of paragraph 7 of the Complaint are admitted.

8. For lack of information sufficient to form a belief regarding the truthfulness of the allegations of paragraph 8 of the Complaint, those allegations are denied.

9. For lack of information sufficient to form a belief regarding the truthfulness of the allegations of paragraph 9 of the Complaint, those allegations are denied.

10. Defendant incorporates the preceding paragraphs of this Answer as if each were restated verbatim.

11. Upon belief, the allegations of paragraph 11 of the Complaint are admitted.

12. With regard to the allegations of paragraph 12 of the Complaint, it is admitted that this Plaintiff has asserted numerous discrimination claims against this Defendant during her employment. Except as otherwise admitted, the allegations are denied.

13. The allegations of paragraph 13 of the Complaint are denied.

14. For lack of information sufficient to form a belief regarding the truthfulness of the allegations of paragraph 14 of the Complaint, those allegations are denied.

15. The allegations of paragraph 15 of the Complaint are denied.

16. The allegations of paragraph 16 of the Complaint are denied.

17. Any allegation of the Complaint which has not been specifically admitted is denied.

AFFIRMATIVE DEFENSES

18. The Complaint fails to state a claim for which relief can be granted against this Defendant.

19. To the extent that this Plaintiff has failed to comply with any statute of limitations or other jurisdictional pre-requisites to filing this lawsuit, this suit is barred.

20. Plaintiff's claims are barred by waiver, laches, and estoppel.

21. To the extent that Plaintiff has failed to avail herself of any available administrative remedies or has otherwise failed to exhaust administrative remedies available to her, this action is barred.

22. To the extent that Plaintiff has failed to mitigate any damage claim, such claim is barred.

23. Any action taken by Defendant was taken for bonafide and legitimate business reasons with no discriminatory intent nor animus.

Defendant prays that the Complaint be dismissed for its costs and attorneys' fees, and for all further and proper relief to which it may be entitled.

GUARDSMARK, LLC.

EDWARD R. YOUNG
WILLIAM P. DOUGHERTY
(Pro Hac Vice Applications Pending)
BAKER, DONELSON, BEARMAN,
 CALDWELL & BERKOWITZ, P.C.
First Tennessee Bank Bldg., Suite 2000
165 Madison Ave.
Memphis, Tennessee 38103
(901) 577-2340

CERTIFICATE OF SERVICE

I, William P. Dougherty, do hereby certify that on this 6th day of July, 2006, a copy of the foregoing Answer was served via U.S. Mail, first class postage prepaid upon:

Robert A. Plantz
Herbert S. Lasser & Associates, P.C.
3700 East U.S. 30
Merrillville, Indiana 46410

WILLIAM P. DOUGHERTY